ATTILA AND SHIGEKO RAKOSI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rakosi v. Commissioner
Docket No. 2813-91
United States Tax Court
T.C. Memo 1993-69; 1993 Tax Ct. Memo LEXIS 73; 65 T.C.M. (CCH) 1981; March 1, 1993, Filed *73 Decision will be entered under Rule 155. Attila Rakosi, pro se. For respondent: Stephen S. Ash. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in and additions to petitioners' joint Federal income tax for taxable year 1987 as follows: Additions to Tax
Deficiency
Sec. 6651
Sec. 6653(a)(1)(A)
$ 1,289
$ 100
[1] $ 255
By a separate statutory notice of deficiency, respondent determined a deficiency in and additions to the Federal income tax of petitioner Shigeko Rakosi for taxable year 1988 as follows: Additions to Tax
Deficiency
Sec. 6651
Sec. 6653(a)(1)(A)
Sec. 6654
$ 9,263
$ 1,162
[1] $ 463
$ 452
*74 Respondent has conceded all issues pertaining to petitioner Shigeko Rakosi's 1988 taxable year, and the parties have made other concessions which result in a deficiency in petitioners' joint Federal income tax liability for taxable year 1987. After such concessions, which will be given effect in the Rule 155 computation, the issues remaining for decision are: (1) Whether petitioners are liable for the addition to tax for failure to timely file a tax return pursuant to section 6651 [1] for taxable year 1987. We hold that they are. (2) Whether petitioners are liable for the negligence additions to tax pursuant to section 6653 for taxable year 1987. We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are incorporated in this opinion by reference. Petitioners resided in Phoenix, Arizona, at the time they filed their *75 petition. Hereinafter, all references to petitioner in the singular refer to petitioner Shigeko Rakosi. Prior to the time petitioners filed their joint Federal income tax return for the taxable year at issue, petitioner filed a document purporting to be a Federal income tax return for taxable year 1985. On February 2, 1987, the Internal Revenue Service (IRS) informed petitioner by letter that the 1985 return did not comply with certain Internal Revenue Code (IRC) requirements and did not contain all required information. The IRS sent the return back and assessed petitioner with a penalty for filing a frivolous tax return. Petitioners corresponded with the IRS on several occasions thereafter to ascertain what portions of the 1985 return were improper and incomplete. Petitioners thereafter filed a joint Federal income tax return for taxable year 1985. On July 1, 1988, the IRS issued a notice of deficiency to petitioner determining deficiencies in her Federal income tax for taxable years 1983 through 1985, plus additions to tax for negligence, failure to timely file, failure to pay estimated taxes, and a substantial understatement. Petitioner filed a petition with this Court *76 seeking a redetermination of such deficiencies and additions to tax. The outcome of this petition is reported at and . On August 12, 1988, the IRS received a letter and an attached Form 2688, Application for Additional Extension of Time to File, from petitioners requesting an additional extension of time to file their 1987 tax return. Petitioners had previously received an automatic extension of time to file this return until August 15, 1988. Petitioners indicated within their August 1988 letter that they did not want to file an improper return for 1987 and again be assessed a penalty for filing a frivolous tax return as they had in taxable years 1984 and 1985; therefore, they were requesting an extension until they resolved such matters with the IRS. The record does not indicate that respondent authorized petitioners' request for an extension. On August 10, 1989, petitioners submitted an Application for Taxpayer Assistance Order in which they requested, among other things, assistance from the IRS regarding how to file a true and *77 proper Federal tax return. On September 1, 1989, the IRS responded to this request and informed petitioners that section 6011 required them to file a return according to the forms and regulations prescribed by the Secretary. On or about April 13, 1990, petitioners filed a joint Federal income tax return for taxable year 1987. Petitioners therein claimed, among other things, a charitable contribution deduction in the amount of $ 4,538 and other miscellaneous itemized deductions totaling $ 4,616. Petitioners now assert that they mischaracterized $ 2,477 of their miscellaneous itemized deductions as such when they should have characterized these expenses as a home office deduction pursuant to other code provisions. On December 14, 1990, respondent issued a notice of deficiency to petitioners for taxable year 1987 in which it was determined that petitioners: (1) Were not entitled to the deduction claimed for charitable contributions; (2) were not entitled to the miscellaneous itemized deductions claimed; and (3) were liable for the additions to tax for failure to timely file pursuant to section 6651 and for negligence pursuant to section 6653(a)(1)(A) and (B). Respondent indicated *78 within the notice of deficiency that canceled checks or receipts were needed to verify the charitable contribution and miscellaneous itemized deductions claimed. Respondent also indicated therein that the negligence additions to tax applied to the adjustments made to the charitable contribution deduction and the miscellaneous itemized deductions. On February 13, 1991, petitioners filed a petition for redetermination of the deficiencies and additions to tax determined against them for taxable year 1987. The parties stipulated prior to trial that petitioners are entitled to a charitable contribution deduction in the amount of $ 4,487 and miscellaneous itemized deductions in the total amount of $ 1,397 for taxable year 1987. OPINION Issue 1. Addition to Tax for Failure to Timely File
Section 6011(a) provides that every person required to file a Federal income tax return shall do so according to the forms and regulations prescribed by the Secretary. Absent an extension granted pursuant to section 6081, such returns are to be filed on or before the 15th day of April following the close of the calendar year (if the return is made on the basis of a calendar year). Sec. 6072(a). *79 Section 6651 provides that a taxpayer is subject to an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not willful neglect. In the instant case, respondent determined that petitioners were liable for the addition to tax pursuant to section 6651 for taxable year 1987. Petitioners have the burden of proving that this addition to tax should not be upheld. Rule 142(a); ; . The record in the instant case reveals that petitioners did not file their 1987 tax return on a timely basis. Petitioners contend that they did not timely file their 1987 tax return because they were waiting for an affirmative response from respondent regarding the infirmities in petitioner's 1985 tax return. Petitioners contend that they did not want to file an improper tax return for 1987 and be assessed the same penalty which they were assessed in 1984 and 1985 for filing frivolous tax returns. The fact that a taxpayer has a grievance with the IRS over his or her tax liability for a particular *80 year, however, is not a justifiable reason for failing to comply with the law requiring the filing of returns for entirely different years. ; , affd. . Petitioners must instead adjust their differences with respondent in the manner prescribed by law in order to assure the orderly administration of the revenue laws. . Moreover, ignorance of the law does not amount to reasonable cause which would relieve a taxpayer from an addition to tax for failing to timely file a return. ; . Petitioners were aware of their duty to timely file a tax return. If they were concerned about the penalty against filing frivolous returns, they could have sought competent tax advice. ; *81 see . Apparently, petitioners did not do so. We sustain respondent's determination that petitioners are liable for the addition to tax for failure to timely file a return pursuant to section 6651. Issue 2. Addition to Tax for Negligence
Respondent determined that petitioners' underpayment of income tax in 1987 was due to negligence or intentional disregard of rules or regulations and, accordingly, determined that they were liable for the negligence additions to tax pursuant to section 6653(a)(1)(A) and (B). Negligence under section 6653(a) means lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners have the burden of proving that they are not liable for this addition to tax. Rule 142(a); ; . Respondent stated in the notice of deficiency that the negligence additions to tax applied to the adjustments for the charitable *82 contribution deduction and the miscellaneous itemized deductions. Respondent has since conceded that petitioners are entitled to the majority of the deduction they claimed for charitable contributions; i.e., $ 4,487 of the $ 4,538 claimed. Respondent and petitioner agree that petitioners are entitled to $ 1,397 of the $ 4,616 miscellaneous itemized deductions claimed. Of the remaining disallowed portion of this latter claimed deduction, petitioners apparently now contend that they mischaracterized $ 2,477 on their tax return as a miscellaneous itemized deduction when such should have been characterized as a home office deduction pursuant to other code provisions. Assuming that petitioners are asserting this explanation to support their burden of proof on the instant issue, [2] the explanation does not account for the remaining portion of the disallowed miscellaneous itemized deductions in the amount of $ 742. Section 6653(a)(1) provides that if any portion of an underpayment is attributable to negligence, a taxpayer is liable for the negligence additions to tax. Petitioners have presented no evidence establishing that the deficiency attributable to the $ 742 portion of the disallowed *83 deduction was attributable to reasonable cause and not willful neglect. Therefore, we sustain respondent's determination that petitioners are liable for the negligence additions to tax. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence pursuant to sec. 6653(a)(1)(B).↩
1. Plus 50 percent of the interest due on the portion of the underpayment attributable to negligence pursuant to sec. 6653(a)(1)(B).↩
1. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We do not make any determination herein regarding the viability of this argument for purposes of sustaining petitioners' burden of proof of the instant issue.↩